## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

**SAMUEL LAMAR DAVIS,**

   **Plaintiff,**

**vs.**             **Case No. _____**

**CITY OF CHATTANOOGA, TENNESSEE,**
**CHATTANOOGA POLICE DEPARTMENT,**
**CHIEF OF POLICE FRED FLETCHER,**
**OFFICER EDWARD BUCKMAN,**
**CHATTANOOGA FIRE DEPARTMENT,**
**FIRE CHIEF KELVIN LAMAR FLINT,**
**LIEUTENANT HENRY MCELVAIN,**
**WESLEY DAVIS,**

   **Defendants.**

---

## COMPLAINT

---

For his cause of action, Samuel Lamar Davis most respectfully states the following:

## I. <u>Introduction</u>

Authority for this action includes, but is not necessarily limited to provisions under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under federal law, specifically, 42 U.S.C. § 1983 and 1988 for negligent supervision, gross negligence, false imprisonment, false arrest, malicious prosecution, libel and slander and violations of Samuel Lamar Davis' constitutional due process rights.

While the individual defendants, except for defendant Wesley Davis, were acting in the scope of their employment and under color of state law, they knowingly, wantonly, maliciously, and negligently caused unlawful arrest warrants to be issued against Samuel Lamar Davis for crimes that they knew he did not commit. Additionally and/or alternatively, the defendants' acts

and omissions described herein were such that the defendants knew, or should have known through the exercise of reasonable care and through good police and investigative practices that Samuel Lamar Davis did not commit the crimes alleged in the subject warrants. Additionally and/or alternatively, the poor police practices and poor investigative practices described herein were to such a high level so as to constitute willful, wanton and gross negligence. As a direct and proximate result of the willful and negligent acts and omission of the defendants, unlawful arrest warrants were wrongfully issued against the wrong individual, Samuel Lamar Davis. As a result thereof, Samuel Lamar Davis was the victim of libel and slander, malicious prosecution, false imprisonment, false arrest, and he was wrongfully deprived of his constitutional rights. As a direct and proximate result thereof, he suffered loss of freedom, loss of property, incurred significant economic damages, severe emotional distress and other losses.

This action is also properly brought against the City of Chattanooga for its failure to properly train and supervise the individual defendants in good police practices and good investigative practices. Further, this defendant failed to supervise and train its employees as to proper procedures for supplying a judicial authority with information to support an arrest warrant and further by failing to take reasonable steps to prevent the individual defendants from providing false information which caused Samuel Lamar Davis to suffer deprivation of constitutional rights and other losses.

## II. Jurisdiction and Venue

1. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

2.	The causes of action set forth herein arise from acts and omissions committed by the defendants within this judicial district.

3.	Upon information and belief, each of the named defendants reside in this judicial district.  At least in part, this action is brought against the City of Chattanooga, Tennessee for its failure to properly train and supervise the individual defendants who provided the information that resulted in the issuance of wrongful arrest warrants against the wrong individual.

### III. Parties

4.	Plaintiff, Samuel Lamar Davis, is and at all material times was a citizen and resident of 6501 Waterlevel Highway, Cleveland, Tennessee 37323, where he has lived for many years.

5.	The defendant, City of Chattanooga, Tennessee, is a political subdivision of the State of Tennessee and a governmental entity for which defendants Fletcher, Buckman, Flint and McElvain are employed.  The City of Chattanooga, Tennessee is a political subdivision of the State of Tennessee and is responsible for the training and supervising defendants Fletcher, Buckman, Flint and McElvain.  The defendant City of Chattanooga, Tennessee has established or delegated to defendants Fletcher, as Chief of Police of the Chattanooga Police Department, and Flint, as Fire Chief of the Chattanooga Fire Department, the responsibility for establishing, implementing and enforcing policies, practices, procedures, and customs used by law enforcement officers and firemen employed by the City of Chattanooga regarding investigation and gathering information and supplying that information to judicial officers for the purpose of the issuance of arrest warrants.

6.	Defendant, Fred Fletcher, upon information and belief, was at all times material to the facts of this Complaint, employed by the defendant City of Chattanooga as the Chief of

Police of the defendant Chattanooga Police Department in Chattanooga, Hamilton County, Tennessee, and is and was responsible for the supervision and training of defendant Buckman. Defendant Fletcher, as Chief of Police of the Chattanooga Police Department, was and is responsible for making, implementing and enforcing policies and practices used by law enforcement officers employed by the City of Chattanooga, Tennessee in gathering information and supplying that information to judicial officers for the purpose of issuance of arrest warrants.

7.      Defendant, Officer Edward Buckman, upon information and belief, was at all times material to the facts of this Complaint, acting in his capacity as a police officer employed by the City of Chattanooga, Tennessee and of the Chattanooga Police Department and was acting under color of state law.

8.      Defendant, Kelvin Lamar Flint, upon information and belief, was at all times material to the facts of this Complaint, employed by the defendant City of Chattanooga as the Fire Chief of the defendant Chattanooga Fire Department in Chattanooga, Hamilton County, Tennessee, and was responsible for the supervision and training of defendant McElvain. Defendant Flint, as Fire Chief of the Chattanooga Fire Department, was responsible for making, implementing and enforcing policies and practices used by firemen employed by the City of Chattanooga, Tennessee in gathering information and supplying that information to judicial officers for the purpose of issuance of arrest warrants.

9.      Defendant, Lieutenant Henry McElvain, upon information and belief, was at all times material to the facts of this Complaint, acting in his capacity as a fireman or other employee of the City of Chattanooga, Tennessee and of the Chattanooga Fire Department and was acting under color of state law.

10.     Defendant, Wesley Davis, upon information and belief was at all times material to the facts of this Complaint, a resident of 972 6th Street, NE, Cleveland, Bradley County, TN 37311.

### IV. Statement of Facts

11.     On January 11, 2015, Samuel Lamar Davis, along with friends and family, prepared to board a Carnival cruise ship in New Orleans, Louisiana.  Prior to the ship leaving the port, Samuel Lamar Davis was called off of the ship and unlawfully taken into custody, against his will by local law enforcement personnel. He was notified that he was removed from the ship due to two outstanding arrest warrants. As later discovered, Samuel Lamar Davis had been charged in the General Sessions Court of Hamilton County, Tennessee with Aggravated Domestic Assault, in violation of Tenn. Code Ann. § 29-13-102 and  Setting Fire to Personal Property, in violation of Tenn. Code Ann. § 39-14-303.   Although Samuel Lamar Davis was completely innocent of these crimes, he was unlawfully placed under arrest against his will and as a direct and proximate result thereof suffered economic and noneconomic damages.

12.     As he learned on and after January 11, 2015, Samuel Lamar Davis had been falsely accused of violating the laws of the State of Tennessee relating to an alleged stabbing incident and an allegation of setting fire to personal property, both of which allegedly occurred on October 26, 2014 in Chattanooga, Tennessee. The alleged victim of the stabbing, defendant Wesley Davis, in one version of his story, told officers that he was driving around Erlanger Hospital, located at 975 E. 3rd Street, Chattanooga, Tennessee, when a white male came up to his car and punched him 8-10 times, pulled him out of the vehicle and stabbed him twice. The assailant then took Wesley Davis' vehicle and fled the scene. Wesley Davis' vehicle was found engulfed in flames on 1295 Hooker Road in Chattanooga.

13.     After additional questioning, and after changing his story several times, Wesley Davis stated that it was his father, Samuel Davis, who stabbed him after the two got into an argument. However, Samuel Lamar Davis is not the father of Wesley Davis. Additionally, he goes by and is known as "Lamar Davis" and not "Samuel Davis", even though his full name is "Samuel Lamar Davis". Despite knowledge that he changed his story several times, the Chattanooga Police Department and the Chattanooga Fire Department, including defendants Buckman and McElvain, intentionally, negligently and/or carelessly relied on the false and misleading information from defendant Wesley Davis, and set in motion the series of events that resulted in the violations of Samuel Lamar Davis' civil rights and other damages.

14.     Despite the fact that defendants Buckman and McElvain knew, or should have known through the exercise of reasonable care through employing good police and investigative practices that Samuel Lamar Davis had committed no crime, they submitted false and defamatory information in affidavits of complaint and arrest warrants were issued for Samuel Lamar Davis.

15.     After being removed from the Carnival cruise ship based on the false and defamatory accusations, Samuel Lamar Davis was detained by the New Orleans Police Department and placed in jail against his will.  He was allowed and made a phone call and made arrangements for being bonded out of jail.

16.     Samuel Lamar Davis posted bail and was released.  He was set to appear in a Louisiana court the following week.  Samuel Lamar Davis was unlawfully imprisoned and was unable to go on the cruise with family and friends. He was unable to obtain a refund of the costs to reserve his place on the cruise. He also incurred additional expenses for changing flights, booking a hotel on the night of his release, telephone charges and other costs. As a result of this

false, unlawful and wrongful arrest and detention, Samuel Lamar Davis incurred substantial out of pocket expenses.

17.    After returning to Tennessee, Samuel Lamar Davis was required to incur additional expenses, including but not limited to attorney fees to address the false published criminal charges against him. On February 6, 2015, after hearing the actual truthful facts, a Hamilton County Tennessee General Sessions Judge correctly issued Orders on each of the warrants as follows: "Recall warrant & dismiss case. This defendant is innocent & victim of false accusations. Expunge record."

18.    Defendants City of Chattanooga, Chattanooga Police Department, Fletcher, Chattanooga Fire Department and Flint failed to adequately train defendants Buckman and McElvain in gathering information from an alleged victim and in taking reasonable steps to see that the information was accurate enough to serve as the basis for obtaining arrest warrants.

19.    Defendants Fletcher, Flint and the City of Chattanooga were aware or should have been aware that the gathering of information from alleged victims of crimes requires reasonable procedures, policies, and customs to be utilized to see that perpetrators of crimes are arrested and innocent individuals are not wrongfully charged with crimes and subjected to harm.  The failures of defendants Fletcher, Flint and the City of Chattanooga to promulgate and implement such procedures, policies or customs, and to take reasonable steps to see that procedures, policies or customs in place are followed, directly caused the unlawful detention of Samuel Lamar Davis and the resulting loss of property.  The defendants Fletcher, Flint and the City of Chattanooga failed to adequately supervise the other defendants, except for defendant Wesley Davis, and Samuel Lamar Davis suffered injuries and damages as a result.

20.     Each of the defendants, individually, and in concert with the others, with the exception of defendant Wesley Davis, acted under color of law in his/their official capacity, to deprive Samuel Lamar Davis of his rights to freedom from unlawful seizure of his person, papers, and effects and his rights to freedom from unlawful arrest, detention, and imprisonment. All of these rights are secured to Samuel Lamar Davis by law including, but not limited to those under the Fourth and Fourteenth Amendments to the Constitution of the United States.

21.     The wrongful acts and omissions of the defendants as described herein included publishing statements including, but not limited to those contained in the subject affidavits of complaint. The defendants knew that those statements were false and defaming to Samuel Lamar Davis. Additionally and/or alternatively, the defendants made the said statements with reckless disregard for the truth of the statements and/or with negligence in failing to ascertain the truth of the statements.

22.     As described herein, the defendants owed duties of reasonable care to Samuel Lamar Davis, breached those duties, and, as a direct and proximate result thereof, Samuel Lamar Davis sustained damages and losses.

23.     As further described herein, the criminal charges were brought against Samuel Lamar Davis without probable cause, the defendants brought the prior action with malice, or a primary purpose other than that of bringing an offender to justice, and the prior action was finally terminated in favor of Samuel Lamar Davis. As additionally described herein, the defendants are guilty of malicious prosecution based on wrongful investigation, prosecution and incarceration.

## V. <u>CAUSES OF ACTION</u>

### <u>Count I</u>
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

**(General Violations)**

24.     Samuel Lamar Davis realleges and incorporates herein by reference the allegations set forth of this Complaint.

25.     In committing the acts and omissions complained of herein, defendants, other than defendant Wesley Davis, acted under color of state law to deprive Samuel Lamar Davis of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not necessarily limited to:

(a)     The right not to be deprived of liberty without due process of law;

(b)     The right not to be deprived of property without due process of law;

(c)     The right to be free from false arrest;

(d)     The right to be free from prosecution without probable cause; and

(e)     The right to be free from false imprisonment.

26.     In violating the rights of Samuel Lamar Davis as set forth above and other rights that will be proven at trial and are not necessarily enumerated herein, the defendants acted under color of state law and caused arrest warrants to be issued based on knowingly false and misleading information and without probable cause.  The taking out of the arrest warrants set into motion the chain of events that led to an illegal, unlawful and false arrest by another law enforcement agency that relied upon the unlawful actions of the defendants, in violation of Samuel Lamar Davis' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27.     As a direct and proximate result of the violation of his constitutional rights by the defendants, Samuel Lamar Davis suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

28.     The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**Count II**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs and Practices)**

29.     Samuel Lamar Davis realleges and incorporates herein by reference the allegations set forth of this Complaint.

30.     Defendants Fred Fletcher, in his capacity as Chief of Police of the Chattanooga Police Department, Lamar Flint in his capacity as Fire Chief of the Chattanooga Fire Department and the defendant City of Chattanooga, Tennessee implicitly or explicitly failed to adopt and implement policies, customs or practices to ensure that employees and officers of the Chattanooga Police Department and the Chattanooga Fire Department provide accurate and correct information to the appropriate judicial authority prior to the issuance of arrest warrants.

31.     Defendant Fred Fletcher, in his capacity as Chief of Police of the Chattanooga Police Department, Lamar Flint in his capacity as Fire Chief of the Chattanooga Fire Department and the defendant City of Chattanooga, Tennessee implicitly or explicitly failed to adopt and implement policies, customs or practices to supervise employees and officers of the Chattanooga Police Department and the Chattanooga Fire Department to see that a proper and complete investigation is performed prior to providing the sworn information to the proper judicial authority for use in the issuance of an arrest warrant.

32.     Defendant Fred Fletcher, in his capacity as Chief of Police of the Chattanooga Police Department, Lamar Flint, in his capacity as Fire Chief of the Chattanooga Fire Department and the defendant City of Chattanooga, Tennessee implicitly or explicitly failed to

10

adopt and implement policies, customs or practices or failed to see that the proper policies, customs or practices for gathering information from alleged victims of crimes were followed by employees and officers of the Chattanooga Police Department to prevent the taking out of false arrest warrants.

33.     The failures of defendants Fred Fletcher, Lamar Flint and the City of Chattanooga to adequately train and supervise defendants McElvain and Buckman amounts to deliberate indifference to the rights of Samuel Lamar Davis to be free from unreasonable seizures and unlawful arrests without due process under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

34.     As a direct and proximate result of the violation of his constitutional rights by the defendants, Samuel Lamar Davis suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

35.     The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## Count III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (False Arrest)

36.     Samuel Lamar Davis realleges and incorporates herein by reference the allegations set forth of this Complaint.

37.     In committing the acts complained of herein, defendants Buckman and McElvain acted under color of state law by causing Samuel Lamar Davis to be falsely and unlawfully arrested based upon false information they gathered from the alleged victim, defendant Wesley Davis.  The information regarding the alleged assault and alleged destruction of property was

11

false when defendant Wesley Davis gave that information to the other defendants and the defendants knew or should have known through the exercise of reasonable care that the information was incorrect. Despite that knowledge, the defendants filed sworn Affidavits which led to the issuance of false arrest warrants.

38.    In order to procure the arrest warrants, defendants Buckman and McElvain knowingly and deliberately, and/or with a reckless disregard for the truth, made false statements or omissions and such statements or omissions were material and necessary to the finding of probable cause that allowed the proper judicial authority to issue arrest warrants. By conducting their investigation and performing their duties with such knowing, deliberate and reckless disregard for the truth, defendants Buckman and McElvain caused false warrants to be issued which led to an unlawful arrest.

39.    In violating Samuel Lamar Davis' right to be free from false arrest, the defendants violated Samuel Lamar Davis' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

40.    As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the defendants, Samuel Lamar Davis suffered significant economic losses and other special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

41.    The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Count IV
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (False Imprisonment)

42.     Samuel Lamar Davis realleges and incorporates herein by reference the allegations set forth of this Complaint.

43.     In committing the acts complained of herein, the defendants caused arrest warrants to be issued which resulted in the unlawful arrest and detention of Samuel Lamar Davis against his will.  The defendants, except defendant Wesley Davis acted under color of state law by falsely and unlawfully causing Samuel Lamar Davis to be arrested and detained based upon false information gathered from the alleged victim, defendant Wesley Davis.  The defendants intentionally caused Samuel Lamar Davis to be detained without just cause.

44.     The information regarding the alleged assault and alleged destruction of property was false when defendant Wesley Davis gave that information to the defendants Buckman and McElvain and they knew or should have known through the exercise of reasonable care that the information was incorrect.  Defendants Buckman and McElvain knew or should have known that the information provided by defendant Wesley Davis was not sufficient to warrant any prudent officer in believing that Samuel Lamar Davis committed a criminal offense.  Defendants Buckman and McElvain caused warrants to be taken out and an unlawful criminal prosecution to occur without probable cause to arrest and detain Samuel Lamar Davis.  As such, the detention of Samuel Lamar Davis against his will was unlawful.

45.     In violating Samuel Lamar Davis' right to be free from false imprisonment, the defendants violated Samuel Lamar Davis' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

46.     As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the defendants, Samuel Lamar Davis suffered significant economic

losses and other special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

47.     The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Count V
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Libel and Slander)

48.     Samuel Lamar Davis realleges and incorporates herein by reference the allegations set forth of this Complaint.

49.     By providing false information to the appropriate judicial authority for issuance of arrest warrants, the defendants caused arrest warrants to be issued against Samuel Lamar Davis which contained false accusations and statements about Samuel Lamar Davis.

50.     Defendant Wesley Davis published a statement to defendants Buckman and McElvain that he knew to be false.  Defendants Buckman and McElvain published statements in the form of Sworn Affidavits that formed the basis of the arrest warrants issued by the General Sessions Court of Hamilton County, Tennessee against Samuel Lamar Davis.  Defendants Buckman, McElvain and Davis published defamatory statements which the General Sessions Court of Hamilton County reasonably relied on in issuing the arrest warrants.

51.     Defendant Wesley Davis knew that the statements provided to the police were false and defaming to Samuel Lamar Davis.  Defendants Buckman and McElvain knew that the statements provided by the alleged victim, defendant Wesley Davis, were false and defaming to Samuel Lamar Davis.  The defendants Buckman and McElvain knew that Samuel Lamar Davis had not committed the alleged criminal offenses and knew that filing a Sworn Affidavit based on

false information would result in the issuance of arrest warrants. These arrest warrants wrongfully accuse Samuel Lamar Davis of a crime he did not commit and are defamatory and deprive him of his reputation and other rights and recognized interests created by law without due process of law.

52.     Alternatively and/or additionally, defendants Buckman and McElvain recklessly and negligently disregarded the truth and/or failed to ascertain the truth of the statements made by the alleged victim, Wesley Davis, in conducting their investigation and making their published statements to the Court. Defendants Buckman and McElvain restated information provided by the alleged victim, Wesley Davis, that they knew or should have known was false.

53.     The statements made by defendants Buckman, McElvain and Welsey Davis wrongfully accusing Samuel Lamar Davis have resulted in a major stigmatizing effect. Samuel Lamar Davis' reputation has suffered both individually as a citizen and resident of the State of Tennessee and as an upstanding local businessman in Cleveland, Tennessee and the surrounding area.

54.     Samuel Lamar Davis is the owner and operator of Outland Expeditions, primarily a rafting business headquartered in Cleveland, Bradley County, Tennessee. By virtue of the stigma and damage to his reputation because of the actions of the defendants, Samuel Lamar Davis suffered and will continue to suffer tangible economic losses in the future, including but not necessarily limited to loss of revenue for his business.

55.     Samuel Lamar Davis is afforded the right and liberty by the State of Tennessee to start and operate a business free from the stigma that is now placed on him by defamatory statements made by the defendants. Samuel Lamar Davis' status as a lawful business owner, a status and distinction lawfully earned under the laws of the State of Tennessee, has been

drastically altered and will continue to be damaged in the future. As such, Samuel Lamar Davis

has suffered a loss of tangible interests which invokes the protection of the Due Process Clause

of the Fourteenth Amendment.

56. As a direct and proximate result of the defendants' deprivation of Samuel Lamar

Davis' protected liberty interest without due process of law, he suffered significant economic

losses and other special damages as alleged in this Complaint and is entitled to relief under 42

U.S.C. § 1983.

57. The conduct of the defendants was willful, malicious, oppressive and/or reckless

and was of such a nature that punitive damages should be imposed in an amount commensurate

with the wrongful acts alleged herein.

**Count VI**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Malicious Prosecution)**

58. Samuel Lamar Davis realleges and incorporates herein by reference the

allegations set forth of this Complaint.

59. In committing the acts complained of herein, the defendants, except for Wesley

Davis, acted under color of state law by maliciously, wantonly, recklessly and wrongfully

conducting an investigation and prosecution of Samuel Lamar Davis based upon false

information they gathered from the alleged victim, defendant Wesley Davis. This malicious,

wanton, reckless and wrongful investigation and prosecution led to Samuel Lamar Davis'

unlawful incarceration and detention in a New Orleans jail.

60. The information regarding the alleged assault and alleged destruction of property

was false when defendant Wesley Davis gave that information to the defendants Buckman and

McElvain and they knew or should have known through the exercise of reasonable care that the

information was incorrect.  Defendants Buckman and McElvain knew or should have known that the information provided by defendant Wesley Davis was not sufficient to warrant any prudent officer in believing that Samuel Lamar Davis committed a criminal offense. Defendants Buckman and McElvain caused warrants to be taken out and unlawful criminal prosecutions to occur without probable cause to arrest Samuel Lamar Davis.

61.     As a result of the false information given to proper judicial authorities responsible for issuance of arrest warrants by defendants Buckman and McElvain, Samuel Lamar Davis was unlawfully and maliciously prosecuted for criminal offenses without probable cause  in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Samuel Lamar Davis suffered a deprivation of liberty apart from the initial seizure, including detention in a New Orleans jail without probable cause.

62.     As is described herein, the underlying malicious prosecution against Samuel Lamar Davis that forms the basis of this case has been resolved in Samuel Lamar Davis' favor. The General Sessions Court of Hamilton County, Tennessee acknowledged Samuel Lamar Davis' innocence, ordered a dismissal of the charges, and expungement of his record.

63.     As a direct and proximate result of the violation of his constitutional right to be free from malicious prosecution without probable cause by the defendants, Samuel Lamar Davis suffered significant economic losses and other special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

64.     The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**Count VII**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**

**(False Reports to Law Enforcement)**

65.     Samuel Lamar Davis realleges and incorporates herein by reference the allegations set forth of this Complaint.

66.     Defendant Wesley Davis knowingly and wrongly provided information to the defendants regarding the alleged assault that occurred on January 11, 2015.  Defendant Wesley Davis knowingly provided false information to police that Samuel Lamar Davis was his father and that he had committed the alleged assault and destruction of property.

67.     Defendant Wesley Davis violated the criminal laws in the State of Tennessee, including but not necessarily limited to Tenn. Code Ann. § 39-16-502 which states, in part, that

> **(a)** It is unlawful for any person to:
>
> > **(1)** Initiate a report or statement to a law enforcement officer concerning an offense or incident within the officer's concern knowing that:
> >
> > **(A)** The offense or incident reported did not occur;
> >
> > **(B)** The person has no information relating to the offense or incident reported; or
> >
> > **(C)** The information relating to the offense reported is false…

68.     As a direct and proximate result of defendant Wesley Davis' false report to a law enforcement officer, defendants Buckman and McElvain provided false and incorrect Sworn Affidavits to the proper judicial authority, which led to the issuance of false arrest warrants. Defendant Wesley Davis' violation of the law by making a false report began the series of events that culminated in the defendants' violations of Samueal Lamar Davis' civil rights as stated herein.

18

69.     As a direct and proximate result of defendant Wesley Davis providing a false report to law enforcement, Samuel Lamar Davis suffered significant economic losses and other special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

## DAMAGES

70.     Each of the defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Samuel Lamar Davis of his right to freedom from unlawful arrest, detention, imprisonment, and due process.  All of these rights are secured to Samuel Lamar Davis by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988.

71.     Since the time of Samuel Lamar Davis' unlawful false arrest and detention, his ability to perform and enjoy his usual activities, including family and work-related activities, has been impaired.  In addition, Samuel Lamar Davis suffers from severe emotional distress and mental anguish affecting his psychological well-being as a result of the trauma of his illegal arrest and detention.

72.     As a direct and proximate result of the intentional and/or negligent acts of the defendants sustained severe mental pain and suffering and injury that otherwise would not have occurred.

73.     As a further direct and proximate result of the intentional and/or negligent acts of the defendants, Samuel Lamar Davis suffered substantial economic losses as outlined herein.

74.     Samuel Lamar Davis is entitled to compensation for the constitutional harms that the defendants inflicted upon them, including loss of liberty and loss of property or the use thereof.

75. The conduct of the defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the above premises considered, Samuel Lamar Davis respectfully requests:

1. That process issue to the defendants and they be required to answer within the time allowed by law;

2. That judgment be rendered in favor of Samuel Lamar Davis and against the defendants on all causes of action asserted herein;

3. That Samuel Lamar Davis be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his mental pain and suffering, both past and present; lost of enjoyment of life; loss of personalty; and any future medical and psychological expenses;

4. That Samuel Lamar Davis be awarded punitive damages against the defendants;

5. That Samuel Lamar Davis be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. § 1988 (b) and (c);

6. That Samuel Lamar Davis receive any other further and general relief to which it may appear he be entitled; and

7. A jury for the trial of this matter.

Respectfully submitted,

SAMUEL LAMAR DAVIS,
Plaintiff by attorneys

**BILBO LAW OFFICE, P.C.**

s/ Jimmy W. Bilbo
JIMMY W. BILBO, BPR No. 011408
BRENT MCINTOSH, BPR No. 030259
DANIEL W. CLANTON, BPR No. 031071
Attorneys for Plaintiff
150 North Ocoee Street (37311)
P.O. Box 62
Cleveland, TN   37364-0191
(423) 476-3551
(423) 476-3556 (facsimile)